SAMUEL LITTMAN, PLAINTIFF-RESPONDENT, v. MARTIN GOLDFLEIS AND ABRAHAM WEICH, DEFENDANTS-APPLICANTS.

Argued May 5, 1943—Decided August 10, 1943.

Before BROGAN, CHIEF JUSTICE, and Justice BODINE.

For the defendants-appellants, *John F. Francis* and *Harold Simandl.*

For the plaintiff-respondent, *Harrison & Roche* and *Verling C. Enteman.*

The opinion of the court was delivered by

BODINE, J.  A rule was allowed in the Circuit Court setting aside verdicts and granting a new trial as to damages only.  A rule was then secured in this court by the defendants seeking to have a new trial as to all issues.  The plaintiff claimed on a rule at the Circuit that the compensatory damages were too low and the defendants countered that the punitive damages were too high.

The disposition by the trial court of a rule to show cause is addressed to its sound discretion, and this court will not review except when the action taken is a shock to reason and justice.  *Phipps* v. *Hulit,* 128 *N. J. L.* 74.

Since the defendants hold a rule in this court, we have carefully examined the record.  Liability seems clear enough.  Obviously, verdicts of $333 and $150 for the loss of an eye

were not suitable compensation, and a verdict of $5,000 punitive damages against one of the defendants may have been too high.

The defendant Goldfleis, a prize fighter, was employed by the defendant Weich at $25 a week to picket at the store of the plaintiff's father. While so picketing, a fight ensued and the plaintiff was struck in the eye. Its removal became necessary. The witnesses vary somewhat in the accounts as to the exact place of the occurrence, whether it was in the store or in the street, and who the aggressor was and the usual details surrounding such an occurrence. The issues were clearly presented to the jury. The proofs for the plaintiff preponderate. The jury by its verdict fixed liability. The defendant Weich did not take the witness stand to deny his employment of a prize fighter for picketing purposes.

We conclude that this is one of those cases where a new trial on the question of damages alone may, with propriety, be allowed. The rule will be discharged, with costs.